[ECF No. 7]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **STRIKE 3 HOLDINGS, LLC,**<br><br>**Plaintiff,**<br><br>v.<br><br>**JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 72.82.245.209,**<br><br>**Defendant.** | Civil No. 23-1402 (CPO/EAP) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court by way of the Motion of Plaintiff Strike 3 Holdings, LLC ("Plaintiff"), ECF No. 7, seeking leave to conduct expedited discovery and file a third-party subpoena prior to the Rule 26(f) discovery conference. Plaintiff also suggests, but does not explicitly take a position on, the entry of a protective order permitting Defendant to remain pseudonymous as "John Doe" and requiring Plaintiff to file all documents containing Defendant's identifying information under temporary seal. The Court has considered Plaintiff's submission and, pursuant to Federal Rule of Civil Procedure 78(b), decides the Motion without oral argument. For the reasons that follow, and for good cause shown, Plaintiff's Motion is **GRANTED**.

## BACKGROUND

According to the Complaint, Plaintiff is a limited liability company that owns the copyrights to a multitude of adult films and content. ECF No. 1, Complaint ("Compl.") ¶¶ 2-3, 11; ECF No. 1-1, Ex. A. Plaintiff alleges that John Doe Defendant ("Defendant") illegally distributed Plaintiff's copyrighted works using a peer-to-peer file distribution network known as

BitTorrent in violation of the Copyright Act of 1976, *as amended*, 17 U.S.C. §§ 101 *et seq*. Compl. ¶¶ 6, 17-19, 47-52.

Plaintiff allegedly discovered Defendant's infringement through its proprietary infringement detection system known as "VXN Scan." *Id*. ¶¶ 27-28. Using VXN Scan, Plaintiff allegedly established direct connections with Defendant's Internet Protocol ("IP") address while Defendant was using the BitTorrent network. *Id*. ¶ 29. Then, Plaintiff downloaded files from Defendant identified as infringing copies of Plaintiff's copyrighted films. *Id*. ¶¶ 30, 31. VXN Scan allegedly recorded pieces of 24 digital media files shared from Defendant's IP address that were identical or substantially similar to Plaintiff's copyrighted works. *Id*. ¶ 37.

Plaintiff initiated this action by filing a Complaint on March 13, 2023. ECF No. 1, Compl. On March 14, 2023, Plaintiff filed an application for leave to file a motion to conduct early discovery. ECF No. 4. The Court issued a text order granting Plaintiff's application on March 16, 2023. ECF No. 6. On March 22, 2023, Plaintiff filed the present Motion for leave to conduct expedited discovery and file a third-party subpoena prior to a Rule 26(f) discovery conference. ECF No. 7-1, Memorandum of Law in Support of Plaintiff's Motion ("Pl. Br."), at 1. Plaintiff asserts it cannot determine Defendant's identity because BitTorrent use is anonymous, and it knows only that the infringing acts alleged in the Complaint were committed by the user of IP address 72.82.245.209. *Id*. at 3. Accordingly, in this Motion, Plaintiff seeks leave to issue a third-party subpoena, pursuant to Federal Rule of Civil Procedure 45, on Defendant's Internet Service Provider ("ISP"), Verizon Fios ("Verizon"), to obtain the name and address of the IP address subscriber at the date and time of one instance of recorded infringement. *Id*.

Plaintiff argues that good cause exists for the Court to grant the Motion, and that an early subpoena is the only means for Plaintiff to identify Defendant, to serve process on Defendant, and

to protect its copyrights. *Id*. at 8, 17-18. In addition, Plaintiff raises, but officially "takes no position" on, the entry of a protective order requiring Plaintiff to file documents identifying Defendant under seal and permitting Defendant to remain pseudonymous as "John Doe" to prevent public disclosure of Defendant's identity. *Id*. at 21-22. As Defendant has not yet been served, Plaintiff's Motion is unopposed.

## DISCUSSION

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b). However, despite the broad scope of discovery, parties are generally barred from seeking discovery before the parties participate in a conference in conformance with Rule 26(f). *See* FED. R. CIV. P. 26(d)(1). Nonetheless, in certain circumstances, a court may "grant [a party] leave to conduct discovery prior to that conference[,]" considering "the entirety of the record to date and the reasonableness of the request in light of all the circumstances." *Strike 3 Holdings, LLC v. Doe*, No. 21-17863, 2021 WL 4623348, at *1 (D.N.J. Oct. 7, 2021) (*citing Better Packages, Inc. v. Zheng*, No. 05-4477, 2006 WL 1373055, at *2 (D.N.J. May 17, 2006)).

Until 2015, the Federal Rules authorized the Court, for "good cause," to order discovery of any matter relevant to the subject matter involved in the action. FED R. CIV. P. 26(b)(1) advisory committee's note to 2015 amendment. However, the 2015 amendment to Rule 26 removed the "good cause" language and instituted a proportionality test for discovery. *Id*. Nevertheless, courts in this District typically evaluate similar cases under the "good cause" standard, and the Court finds this analysis instructive. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 21-12769, 2021 WL 5173411, at *1 (D.N.J. Oct. 29, 2021); *Strike 3 Holdings, LLC v. Doe*, No. 22-1917, 2022 WL

3

1321595, at *2 (D.N.J. May 3, 2022); *Strike 3 Holdings, LLC v. Doe*, No. 22-336, 2022 WL 279839, at *1 (D.N.J. Jan. 31, 2022) (all applying the "good cause" standard).

"Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Malibu Media, LLC v. Doe*, No. 15-8940, 2016 WL 614414, at *1 (D.N.J. Feb. 16, 2016) (quotation omitted). Further, courts should consider (1) the timing of the request in light of the formal start to discovery; (2) whether the request is narrowly tailored; (3) the purpose of the requested discovery; (4) whether the discovery burdens Defendant; and (5) whether Defendant can respond to the request in an expedited manner. *Better Packages, Inc.*, 2006 WL 1373055, at *3.

Plaintiff contends there is good cause for this Court to grant its motion because: (1) it has stated a *prima facie* claim for direct copyright infringement; (2) the timing of its request in light of the formal start of discovery favors granting the relief; (3) the request is narrowly tailored and identifies the limited and specific information sought; (4) the purpose of the requested discovery and need for the information sought in order to advance its claim favors granting the relief; (5) the discovery does not burden Defendant or require Defendant to respond in an expedited manner; (6) there are no alternative means to obtain Defendant's true identity; and (7) Defendant's privacy interest is outweighed by Plaintiff's interest in protecting its copyrights. Pl. Br. at 8-21.

Having considered Plaintiff's motion, the Court finds that Plaintiff has demonstrated good cause to serve a Rule 45 subpoena on Verizon prior to a Rule 26(f) conference. Plaintiff has promptly moved to serve the third-party subpoena six days after the Court granted Plaintiff's request for leave to file a discovery motion. *See* ECF Nos. 6, 7. The request is narrowly tailored and specifically seeks production of Defendant's name and permanent address. Pl. Br. at 14-15. Also, the information sought is necessary for Plaintiff to identify the appropriate Defendant and to

serve the Complaint. *Id*. at 17-19. Further, such information is only available from Verizon, Defendant's ISP. *Id*. The request does not overly burden Defendant; in fact, the subpoena is directed to the ISP and not to Defendant himself. *See id.* at 17. The Court further recognizes that the IP account holder may not be personally responsible for the infringement, but the IP account holder might possess information that assists in identifying the alleged infringer, and thus the information is discoverable under the broad scope of Rule 26. *See, e.g.*, *Strike 3 Holdings, LLC*, 2021 WL 4623348, at *2; *Strike 3 Holdings, LLC v. Doe*, No. 22-4430, 2022 WL 2952916, at *2 (D.N.J. July 26, 2022); *Strike 3 Holdings, LLC v. Doe*, No. 21-13910, 2021 WL 3930719, at *2 (D.N.J. Sept. 1, 2021) (granting leave to serve subpoenas on ISPs in nearly identical cases).

However, the Court declines to enter a protective order, which would allow Defendant to proceed under the "John Doe" pseudonym and would require Plaintiff to file all documents identifying Defendant under temporary seal. *See* Pl. Br. at 21-22.[1] First, Federal Rule of Civil Procedure 10(a) states that "[t]he title of the complaint must name all the parties[,]" and the Third Circuit has recognized that a party may proceed anonymously only "in exceptional cases." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). The risk that a party "may suffer embarrassment or economic harm is not enough." *Id*. Instead, a party "must show both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Id*. (quotation omitted).[2] At this early stage of

---

[1] Federal Rule of Civil Procedure 26(c)(1) allows the Court to issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

[2] *Megless* also provides a non-exhaustive list of factors weighing in favor of and against anonymity. 654 F.3d at 409. The factors favoring anonymity include: "(1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives." *Id*. The factors disfavoring anonymity include: "(1) the universal level of public interest in access to the

the litigation, Plaintiff has not obtained Defendant's identity, and it is purely speculative whether Defendant would have a reasonable fear of any severe harm from being named. Although it is conceivable that Defendant could suffer reputational harm due to the explicit nature of Defendant's copyrighted works, "[i]t is the rare civil lawsuit in which a defendant is not accused of behavior of which others may disapprove." *Strike 3 Holdings, LLC v. Doe*, No. 21-5178, 2022 WL 2276352, at *2 (E.D. Pa. June 22, 2022) (internal quotation omitted); *see also Strike 3 Holdings, LLC v. Doe*, No. 21-15638, 2022 WL 14838018, at *5 (D.N.J. Oct. 26, 2022) ("[I]t certainly cannot be the case that anonymity is warranted for every defendant sued by Plaintiff simply because Plaintiff's copyrighted works are adult films, legal in all respects other than how the defendants in these cases obtained and/or shared them via the BitTorrent protocol."). Therefore, it is not apparent that this case presents exceptional circumstances that justify an Order permitting Defendant to proceed anonymously as "John Doe."

Similarly, the Court declines to enter an order requiring Plaintiff to file all documents identifying Defendant under temporary seal. While it is within the Court's authority to restrict public access to information, it is well-settled that there is a "common law public right of access to judicial proceedings and records" that includes the "right to inspect and copy public records and documents, including judicial records and documents." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (quotation omitted). The moving party bears the burden to overcome this presumption of public access and must demonstrate that "good cause" exists for the protection of the material at issue. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). Good cause exists only when the moving party makes a particularized showing that disclosure will cause

---

identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated." *Id*.

6

a "clearly defined and serious injury." *Id*. Good cause is not established where a party merely provides "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Id*. (quoting *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)). In addition, the moving party must comply with Local Civil Rule 5.3, which governs requests to seal documents and requires the party to attach an index to the motion describing various items with particularity.[3] Here, Plaintiff has not identified any clearly defined or serious injury that would result from disclosure of Defendant's name. Instead, Plaintiff makes a general, unparticularized reference to Defendant's privacy interests which could apply to any similar copyright infringement action. Also, as a procedural matter, Plaintiff's Motion does not include an attached index in the form required by Local Civil Rule 5.3. *See Strike 3 Holdings, LLC v.* Doe, No. 20-10173, ECF No. 6, at 12-13 (D.N.J. Oct. 5, 2020) (denying Strike 3's motion for a protective order which was not filed in accordance with Local Civil Rule 5.3(c)). In summary, Plaintiff has not presented an interest significant enough to overcome the public's interest in accessing judicial records, and the Court will not order Plaintiff to file all documents containing Defendant's identifying information under seal at this time.

## **CONCLUSION**

In conclusion, Plaintiff has shown good cause to conduct early discovery because it is necessary for Plaintiff to obtain Defendant's identifying information and pursue its copyright

---

[3] These items include: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest that warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request. If any objections exist, the moving party must state (g) the materials to which there is an objection; (h) the basis for the objection; and (i) if the material or information was previously sealed by the Court in the pending action, why the materials should not be maintained under seal. L. Civ. R. 5.3(c)(3).

infringement claims, the request is specific and narrowly tailored, and the subpoena would not unfairly prejudice Defendant. However, the Court finds that Plaintiff has not shown that a protective order is appropriate. Plaintiff has not demonstrated that Defendant would have a reasonable fear of severe harm if he were named as a party. Also, Plaintiff has not described a clearly defined and serious injury that would result if Plaintiff did not file documents identifying Defendant under seal. As a result, Plaintiff's proposed order is adopted in part as set forth below. Consequently, for the reasons set forth in the Opinion and for good cause shown:

**IT IS** this **6th** day of **April 2023**;

**ORDERED** that Plaintiff's Motion, ECF No. 7, seeking leave to serve a subpoena pursuant to Rule 45 prior to a Rule 26(f) conference is hereby **GRANTED**; and it is further

**ORDERED** that Plaintiff may serve a Rule 45 subpoena issued to Verizon Fios that is limited to requesting only the name and address of the IP address subscriber identified in the Complaint, limited to the time periods of the allegedly infringing activity outlined in the Complaint and the exhibits thereto. Plaintiff shall attach to any such subpoena a copy of this Order. Under no circumstances is Plaintiff permitted to seek or obtain the telephone numbers, email addresses, or other information associated with this individual through this subpoena; and it is further

**ORDERED** that the internet subscriber identified as John Doe in this action shall have thirty (30) days from receipt of this Order and the subpoena to object to or move to quash the subpoena; and it is further

**ORDERED** that Verizon Fios shall not respond to any subpoena served in this case until the latter of the expiration of the thirty (30) day period set forth above or the resolution of a motion to quash or for a protective order; and it is further

**ORDERED** that Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint; and it is further

**ORDERED** that Plaintiff shall provide copies of the responsive information to any Defendant who enters an appearance in this case; and it is further

**ORDERED** that the time within which Plaintiff may serve Defendant with a summons and Complaint in this action is extended to **June 6, 2023**.

s/ Elizabeth A. Pascal  
ELIZABETH A. PASCAL  
United States Magistrate Judge

cc:  Hon. Christine P. O'Hearn, U.S.D.J.